DECISION AND JOURNAL ENTRY
Appellant-defendant Anthony D. McClinton appeals from his convictions in the Lorain County Court of Common Pleas on one count of receiving stolen property and one count of the illegal use of food stamps. This Court does not have jurisdiction over the appeal and dismisses the case.
Appellant was indicted on four counts: (1) receiving stolen property, in violation of R.C. 2913.51(A); (2) breaking and entering, in violation of R.C. 2911.13(A); (3) illegal use of food stamps, in violation of R.C. 2913.46; and (4) illegal use of food stamps, in violation of R.C. 2913.46. Appellant pleaded not guilty to all four counts and the case was tried to a jury. The trial court dismissed counts two and four, and the jury found appellant guilty of count one and count three. However, the court's judgment entry fails to reflect a ruling as to each charge, and therefore, is not a final appealable order.
Crim.R. 32(C) requires a trial court to set forth the verdict or its findings as to each and every charge prosecuted against an accused. Failure to do so renders the judgment substantially deficient, and simply interlocutory. Akron v. Smith (Feb. 9, 2000), Summit App. No. 19517, unreported; State v. Deshich (Feb. 2, 2000), Medina App. No. 2952-M, unreported.
In the present case, the trial court's April 19, 2000 entry reads:
 Verdict: We, the jury find the Defendant Guilty of Receiving Stolen Property as charged in Count No. 1 of the Indictment with a value of less than $500.00; We, the jury find the Defendant Guilty of Illegal Use of Food Stamps as charged in Count No. 3 of the Indictment, with a value of less than $500.00. Counts 2 and 4 dismissed by the Court. See sentencing entry.
 The sentencing entry reflects that on count three appellant had been found guilty of the illegal use of food stamps in "violation of [R.C.] 2913.45." However, the illegal use of food stamps is a violation of R.C. 2913.46. Further, the court sentenced appellant on count two, which had been dismissed, and failed to sentence appellant on count three. Therefore, because the court failed to dispose of count three the entry is not a final appealable order.
Accordingly, the appeal is dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
SLABY, P.J., WHITMORE, J., CONCUR.